# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JONES, | : | |
| Petitioner, | : | |
| v. | : | No. 4:16-CV-1741 |
| BRENDA TRITT, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### JANUARY 24, 2019

**I.  BACKGROUND**

Anthony Jones, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville) filed this petition for writ of habeas corpus. Named as Respondent is SCI-Frackville Superintendent Brenda Tritt. Service of the petition was previously ordered.

On June 21, 1987, Petitioner was sentenced in the Court of Common Pleas of Franklin County, Pennsylvania to a one (1) to five (5) year suspended sentence and a five (5) year probationary sentence with a condition that he serve eight (8) months in prison for possession of drugs with intent to deliver. Petitioner's probation was revoked on May 18, 1988, and his suspended sentence was reinstated; Jones received credit for eight (8) months of time previously served.

Petitioner later entered a guilty plea in Franklin County to a charge of aggravated assault. As a result of his plea, he was sentenced to a five (5) to twenty (20) year term of imprisonment in June 1989.

Jones was granted parole in 2009. While on parole, he was charged with summary harassment in Berks County, Pennsylvania following an August 14, 2011 incident. Petitioner was found not guilty of that charge by a Berks County magisterial district judge on September 12, 2011. However, Jones was detained pending a state parole revocation hearing.

By decision of the Pennsylvania Board of Probation and Parole (Parole Board) dated December 7, 2011, Jones was recommitted to a state correctional facility as a technical parole violator for his admitted use of drugs and engaging in assaultive behavior. Based on an aggregation of Petitioner's consecutive sentences, his maximum parole violation date was calculated by the Parole Board as April 11, 2030.

A counseled administrative appeal challenging the technical parole revocation with respect to the assaultive behavior charge was denied by the Parole Board on May 16, 2012. *See* Doc. 8-1, p. 11. Jones also filed a habeas corpus petition with the Commonwealth Court of Pennsylvania challenging the recalculation of his parole violation maximum sentence date. This petition was dismissed on November 3, 2015. *See id.* at p. 24.

Jones presently raises two claims for federal habeas corpus relief. First, he contends that the Parole Board improperly computed his maximum sentence date. His petition indicates that it was improper for the Parole Board to aggregate his 1-5 year suspended sentence with his 5-20 year aggravated assault sentence. Second, Petitioner argues that his parole revocation, with respect to the assaultive behavior violation, was improper because it was based upon a dismissed summary harassment charge. I note that Jones does not dispute that he admitted using crack cocaine nor does he otherwise challenge the drug use parole violation charge.

## II. DISCUSSION

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Telford v. Hepting*, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Given the nature of Petitioner's claims, this matter is properly brought before this Court.

### A. Exhaustion

Respondent contends in part that the argument that the Parole Board acted improperly by revoking Petitioner's parole based upon a dismissed criminal charge should not be entertained because Jones failed to exhaust his available state court remedies with respect to that issue before initiating this action. *See* Doc. 8-2, p. 7. Respondent also suggests that Petitioner failed to pursue any type of administrative appeal with respect to his pending miscalculation of maximum sentence date claim.

Federal courts generally refrain from considering the merits of a habeas corpus claim by a state prisoner unless the applicant has complied with the exhaustion requirement delineated at Title 28 U.S.C. § 2254(b)(1)(A). This provision requires that the state courts must be given a fair opportunity to review allegations of constitutional error before a litigant seeks relief in federal court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Jones naturally bears the burden of demonstrating that he has satisfied the exhaustion requirement. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first file a petition for administrative review with the Parole Board within thirty (30) days of the mailing date of the challenged decision. *See* 37 Pa. Code § 73.1(a). After an administrative appeal to the Parole Board, a petitioner must then present his claim to the Pennsylvania Commonwealth Court. *See* 42 Pa.C.S.A. § 763(a). If dissatisfied with that result, a petitioner must file a petition for allowance of appeal with the Supreme Court of Pennsylvania. *See* 42 Pa. C.S.A. § 724; *Pagan v. Pennsylvania Bd. of Prob. and Parole*, No. 08-0150, 2009 WL 210488, *3 (E.D. Pa. January 22, 2009). If a petitioner thereafter fails to seek review from the Pennsylvania Supreme Court of an unfavorable disposition by the Commonwealth Court, then the claim remains unexhausted. *See Williams v. Wynder*, 232 F. App'x 177, 181 (3d Cir. 2007)( a challenge to a parole revocation is subject to dismissal when applicant failes to seek allowance of appeal from an adverse decision by the Commonwealth Court).

A claim that the Parole Board erred in calculating a parole violation maximum sentence date must likewise be administratively appealed and then presented to both the Commonwealth Court and Pennsylvania Supreme Court. *See Jackson v. Clark*, 2018 WL 3040369 *2 (W.D. Pa. May 16, 2018).

Here, it is undisputed Petitioner filed a petition for writ of habeas corpus with the Commonwealth Court of Pennsylvania which argued that the Parole

Board miscalculated his maximum parole violation date. The petition was denied by the Commonwealth Court on November 2, 2015. Petitioner acknowledges that he did not appeal the Commonwealth Court's decision. *See* Doc. 1, p. 7.

Petitioner's counsel administratively appealed the revocation of parole with respect to the finding that Jones engaged in assaultive behavior. As previously noted, the drug use violation was not challenged. However, there is no indication that the denial of the administrative appeal was challenged before the Commonwealth Court.

## III. CONCLUSION

In sum, Petitioner acknowledges that he did not seek review from the Supreme Court of Pennsylvania of the November 2, 2015 denial of his petition for writ of habeas corpus by the Commonwealth Court of Pennsylvania and also did not appeal the denial of his administrative appeal regarding the assaultive behavior technical parole violation charge to the Commonwealth Court. Consequently, Jones' pending habeas corpus claims challenging the legality of his revocation as a technical parole violator for engaging in assaultive behavior and the assertion of improper computation of his maximum sentence date are subject to dismissal under *Williams*.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge